## Case No. 2,093.

### BUCKLEY et al. v. CARLTON.

[6 McLean, 125.][1]

Circuit Court, D. Ohio. Oct. Term, 1854.

EVIDENCE—RECORD OF DEED—PRESUMPTION OF EXECUTION—REBUTTAL.

1. Under the territorial government, the copy of a deed recorded is, prima facie evidence of its execution. But this presumption may be rebutted by facts or circumstances.

2. Where the acts of the grantor are inconsistent with the presumption that the deed was delivered, they may be shown as weighing with the jury against such presumption.

3. All such presumptions gain strength against the deed, where there has been no possession under it for half a century, no claim asserted to nor taxes paid on the land. And where the party claims bona fide, having been in possession many years, under a conveyance, such possession is greatly strengthened by the lapse of time, and the adverse claim is necessarily weakened, as the title of the person in possession is made stronger.

[At law. Action of ejectment by the lessee of Buckley's heirs against Isaac Carlton. Verdict for defendant.]

Hunter & Smyth, for plaintiffs.
Vinton & Nye, for defendant.

OPINION OF THE COURT. This is an action of ejectment brought to recover one hundred acres, lot No. 297, and one-third of one hundred acres, lot 298, east part—shares in the Ohio Company's purchase. The patent was issued to Rufus Putnam, Francis Manassah, Robert Oliver and Griffen Green in trust. A conveyance by the trustees to John S. Dexter, the 12th of May, 1792, included the land in controversy. The same land was conveyed by Dexter to Loomis, the 10th April, 1793, and Loomis conveyed to Roger Buckley the same land the 30th of July, 1799. This deed was recorded, and a certified copy is offered in evidence, without any other proof of its execution. The copy was objected to, as evidence, until proof that the original deed was lost. It is admitted that a notice was served on the plaintiff's counsel to produce the original.

The court held, that under the recording act of Ohio, the copy was admissible as prima facie evidence of the existence of the deed, which evidence was liable to be rebutted, as regards the delivery of the deed, by the acts of the parties to the deed, and those who claim under it, which may be inconsistent with the presumption of a delivery. And the court held that the plaintiffs, under the notice, were bound to deliver the original deed if in their possession or within their control. On this head the court instructed the jury. 1. That the original deed was presumed to be in the possession of the ancestor of the plaintiffs, who is proved to have lived twenty years after the date of the deed; and that its non-production, was a circumstance which the jury might consider, there being no evidence of its loss, to raise some doubt whether the deed was delivered to the grantee.

2. The court also instructed the jury, that as no claim under the deed by Buckley in his life time, nor by the plaintiffs, until the lapse of more than half a century from the date of the deed, the jury might consider the fact as conducing to show, in connection with the fact that Buckley was the father-in-law of Loomis, that the deed might not have been delivered.

3. The court further instructed the jury that the admissions of one of the lessors of the plaintiffs, that she had no knowledge of the claim until 1850, when N. Ward, Esq., of Marietta, informed her, was also a fact to be considered by the jury, in relation to the delivery of the deed.

4. The jury were further instructed that the facts of Loomis having been forced into bankruptcy, by his creditors, a short time after the date of this deed, when this claim of lands in the Ohio Company's purchase was placed upon his schedule as his property, under the bankrupt law, which schedule was sworn to be true, by the bankrupt, as the law required, were facts to be considered by the jury, as conducing to show the deed was never delivered to Buckley.

5. The jury were also instructed that the facts that the said lands had been duly assigned by Loomis to commissioners under the bankrupt law of 1800, and by the commissioners in bankruptcy to the assignees of Loomis, and by them were publicly sold as a part of the bankrupt's effects, might be considered as conducing to show the deed, to Buckley, was invalid. That the facts on which the above instructions were given, were admitted as evidence, rebutting the presumption that the deed had been delivered, from the fact of its having been recorded. But if the deed had been executed and delivered bona fide, no subsequent act of the grantor could impair its validity.

6. The court instructed the jury that if they find the deed of Loomis was made to defeat the claims of his creditors, that under the bankrupt law, the claim of the defend-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ant, under the assignees in bankruptcy, is valid.

7. That the transfer of the commissioners in bankruptcy to the assignees, constituted a part of the proceedings in bankruptcy, and was valid under the act of congress. That the provisions of the act, which required the deed to the assignees, to be executed and recorded under the laws of the place where the land was situated, refer to estates in tail, which the bankrupt could bar, by a common recovery, and not to the title of defendants.

8. That the description of the land in the schedule of Loomis, must be taken in connection with the muniment of title, which Loomis, under the bankrupt law, was required to surrender, and which gives to the land a sufficient description to make it certain.

9. That where there has been a long and an uninterrupted possession, as that which has been had by the defendant, under a bona fide claim of title, presumptions are favorable to such title. And that under such circumstances, the plaintiffs, if they recover, must recover on their strict legal rights. No possession of the premises has been had by the plaintiffs, no taxes have been paid by them on the land, and no claim to the land has been set up by them for half a century.

The facts on which the foregoing instructions were given to the jury, were brought before the court and jury. The jury returned a verdict for the defendant.